5  UNITED STATES DISTRICT COURT
6  EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  DANIEL TONNEMACHER and KATHLEEN TONNEMACHER,<br>8<br>9            Plaintiffs,<br>   v.<br>10<br>   JEREMI OSSMAN, Conservator; THE<br>11 LAKESHORE ASSISTED LIVING; BRENT FEATHERSTON; JOHN FINNEY;<br>12 PATRICIA SCUTIER, personal representative of Kenneth Tonnemacher; PRUDENTIAL<br>13 INSURANCE AGENCY; CAPITAL ONE 360; LUTHER PARK ASSISTED LIVING;<br>14 FIRST SUPERIOR COURT BONNER COUNTY; STATE OF IDAHO ATTORNEY<br>15 GENERAL; FRED JOHNSTON, BK HILL, LLC; STATE OF WASHINGTON<br>16 ATTORNEY GENERAL; COUNTY OF KITTITAS PROSECUTING ATTORNEY;<br>17 COUNTY OF BONNER PROSECUTING ATTORNEY IDAHO; STATE BAR IDAHO;<br>18 STATE BAR WASHINGTON; UNITED STATES TAXPAYER; IDAHO SUPREME<br>19 COURT; UNITED STATES SUPREME COURT; ACLU; and DOES 1-20,<br>20<br>            Defendants. | NO: 1:17-CV-3053-TOR<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

Plaintiffs are proceeding *pro se* and *in forma pauperis*. *See* ECF No. 13. On July 7, 2017, Plaintiffs' Complaint was dismissed without prejudice and with leave to amend. ECF No. 15. Plaintiffs were ordered to file an Amended Complaint within 60 days. ECF No. 15. Plaintiffs were cautioned that their failure to amend within 60 days would result in the dismissal of the entire case for failure to state a claim under 28 U.S.C. § 1915(e)(2). ECF No. 15 at 10. Plaintiffs sought an extension of time to file an amended complaint. ECF No. 16. The Court granted the extension of time and allowed Plaintiffs 60 days from October 23, 2017 to file an amended complaint. Although granted the opportunity to do so, Plaintiffs have failed to amend their complaint. To date, they have failed to allege sufficient facts to establish federal subject-matter jurisdiction. *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This case is **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. §1915(e)(2)(B).

2. Plaintiffs' *in forma pauperis* status is **REVOKED.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal without prejudice, forward a copy to Plaintiffs, and **CLOSE** the file.

**DATED** February 14, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3